The Honorable Stewart K. Lambert Prosecuting Attorney Third Judicial District P.O. Box 549 Cherokee Village, AR 72525-0549
Dear Mr. Lambert:
I am writing in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. § 25-19-101 et seq. (Repl. 1996 and Supp. 2001). You note that you have received a request under the FOIA to examine your file on a State Police investigation involving the misuse of funds by the sheriff of Lawrence County. You state that "[t]he investigation remains open — undisclosed as [you] have been reviewing the yearly audits." You state, additionally, that "the file includes interviews with several named confidential informants." You seek an opinion as to whether this material should be disclosed pursuant to A.C.A. § 25-19-105 (b) (6) and (10).[1]
RESPONSE
If the records in question are in fact part of a continuing investigation, then it is my opinion that they are exempt from disclosure.
The Arkansas Supreme Court has interpreted the term "undisclosed investigations by law enforcement agencies" to encompass investigations which are "ongoing," (see Johninson v. Stodola, 316 Ark. 423,872 S.W.2d 374 (1994) and Martin v. Musteen, 303 Ark. 656, 799 S.W.2d 540
(1990)), as opposed to those which have been "completed," such as the investigation that was at issue in McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989). In Martin v. Musteen, supra, the court explicitly recognized the protectability of records of police investigations that are "continuing and sensitive" in nature.303 Ark. at 660.
Additionally, as noted by my predecessor:
 The court has never interpreted the term `investigations,' as used in this FOIA exemption, to be confined to the activities of each separate law enforcement agency. In this regard, I find it compelling that the Martin court appeared to be particularly influenced by the fact that the investigation in question in that case was `part of a larger investigation that would `continue for some time before the police stop[ped] the active investigation.' Id. at 657. . . . To allow one agency to release records that are exempt from release by another agency would defeat the purpose of the exemption. For this reason, I conclude that an investigation is not" completed" simply because it is transferred from one agency to another.
Op. Att'y Gen. 98-127 at 1-2.
It is therefore my opinion that as long as the investigation in this instance is ongoing, whether pursued by the Arkansas State Police or your office, records that are a part of that investigation will generally be exempt from disclosure under the FOIA. Accord Op. Att'y Gen. 92-237. It should be noted, however, that the question of whether a particular investigation is "ongoing" is a question of fact that must be decided on a case-by-case basis. Op. Att'y Gen. 93-156. If it is factually determined that the investigation about which you have inquired is "ongoing," the records of that investigation should not be released until the investigation is completed. This determination may entail an incamera review by the court deciding the issue if a judicial determination is necessary. See generally Johninson v. Stodola and Martin v. Musteen,supra.
As a final note, I must direct your attention to the Arkansas Supreme Court's explicit rejection of the argument that a police file containing statements of confidential informants should not be released because disclosure would detract from effective law enforcement. See McCambridgev. City of Little Rock, supra. The court in Martin, supra, stated as follows regarding the McCambridge case:
 There we held that . . . the police file . . . was subject to release under the act despite the fact that it allegedly contained statements from confidential informants. We noted the argument made in that case by the Little Rock Police Department to the effect that requiring the release of the file would detract from effective law enforcement and thus be detrimental to the public interest. We referred that argument to the general assembly.
Martin, 303 Ark. at 658.
The FOIA has not been amended to add an exemption regarding confidential informants. It must therefore be concluded that the inclusion of confidential informant interviews in the file in this instance does not form a separate basis for refusing to release the records. As stated above, the investigative file (including the interviews) will be exempt from public inspection as long as the investigation is ongoing. When the investigation is completed, however, the records will be open under the FOIA and confidential informant interviews will not be exempt.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] Subsection (b) (6) is the FOIA exemption for "undisclosed investigations by law enforcement agencies of suspected criminal activity." Subsection (b) (10) is the exemption for "personnel records to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy." I cannot conclude from the information provided that your question implicates this latter exemption for "personnel records." I am thus analyzing your question under the so-called law enforcement investigation exemption only.